## CHAMBERLAIN v. NESTER.

(Supreme Court, Appellate Division, Fourth Department. September 25, 1900.)

BROKERS—COMMISSIONS—COMPLAINT—DISMISSAL.

Where the exhibits attached to a complaint to recover commissions for purchasing a certain kind of barley showed that plaintiff engaged 768 bushels of such barley for defendant, and that it was delivered to a certain warehouse, and that after the collapse of the warehouse but 87 bushels of such barley was taken out of the ruins for the defendant, the dismissal of the complaint on the ground that no part of the barley lost in the warehouse was shown to have been bought for defendant was erroneous.

Appeal from judgment on report of referee.

Action by Nellie E. Chamberlain, as administratrix of John H. Markell, deceased, against Samuel K. Nester. From a judgment in favor of defendant, plaintiff appeals. Reversed. For a former appeal, see 51 N. Y. Supp. 852.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

J. N. Hammond, for appellant.
George L. Bachman, for respondent.

WILLIAMS, J. This judgment should be reversed and a new trial ordered. The referee correctly stated in his opinion that the question was narrowed to the inquiry as to whether the lost barley was bought for Nester or for some one else. It was difficult to get at the truth with reference to the matter, by reason of the death of Markell, and the consequent incompetency of the defendant as a witness, under section 829 of the Code of Civil Procedure. It does appear, however, that Markell reported to Nester that October 20, 1886, he bought 550 bushels of Mensury barley, to be delivered at the Himrods warehouse, and December 8, 1886, other 220 bushels of the same kind of barley, to be delivered at the same warehouse. (See Defendant's Exhibit A.) The amounts were estimated, and it appeared by Exhibit 1 that, October ——, 1886, there was delivered at the said warehouse 594 bushels 2 pounds of such barley, and December 8, 1886, 174 bushels 24 pounds of such barley. These were the only crops of this kind of barley which Exhibit A shows were purchased to be delivered at the said warehouse, or which Exhibit 1 shows were delivered there. So that there were engaged and delivered in the said warehouse of this kind of barley 768 bushels 26 pounds for Nester, and Exhibit 2 shows that the only barley of this kind delivered to Nester from this warehouse was 87 bushels 9 pounds, taken out after the warehouse collapsed. So that 681 bushels 17 pounds of this kind of barley, bought for Nester, was lost in the storehouse. This barley Nester never paid for, whatever may be said as to any other barley that was lost. It cannot, under these exhibits, be claimed that this barley was bought for and delivered to the said warehouse for any one else than Nester; and, this being so, the referee erroneously concluded that no part of the barley lost was shown to have been bought for Nester. Whether it will ever be possible to get at the whole truth with reference to the matter may well be doubted, but it would seem that the referee was in error in denying the plaintiff all right of recovery, and dismissing her complaint.

The judgment appealed from should be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.